FREDERICK REESE, Plaintiff in Error, v. ANTON HENCK, im-
pleaded, &c., Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Where there is evidence tending to show the liability of a defendant, the plain-
tiff should be permitted to complete his evidence, and have the case passed
upon by a jury.

THIS was an action of trespass on the case for damages, &c.
It appeared that on the Sunday in question, to wit, the 21st
June, 1852, the defendant, Henck, kept open a public garden in
the city of Chicago, where the defendant, Jackman, was engaged
in playing ball; and through his carelessness and misadventure,
the ball went over the premises of Henck, into the adjoining
street, and fell upon the head of the plaintiff's wife then passing
by, and that in consequence of the blow, she died on the fol-
lowing day. Reese seeks to recover for his personal loss of the
society of his wife, during the interim between the accident
and her death, and the medical expenses attending her last
sickness.

The court below, without some further evidence showing
Henck's participation in the act; some concert with Jackman
in the game played; or some further participation or encour-
agement than keeping the garden open on Sunday, instructed
the jury that Henck was not liable, and refused to allow any
evidence of damage to go to the jury.

Henck was the only defendant served with process.

The cause was heard before JOHN M. WILSON, Judge, at
May term, 1853, of the Cook County Court of Common Pleas.

ARNOLD and LAY, for plaintiff in error.

T. HOYNE, for defendant in error.

CATON, J. We are of opinion that the court erred in reject-
ing the evidence of damages, and in refusing to submit the
case to the jury. The evidence showed that the defendant kept
a public garden in Chicago, adjoining a public thoroughfare, in
which he kept a bar where liquor was sold for his profit. That
he invited people to come and play various games at ball in his
garden, out of which he made a profit by selling liquor to the
players. One of the games played consisted in throwing a
large wooden ball, such as is used for playing ten pins, and the

Reese *v.* Henck.

strife was to see who could throw it the furthest. There was no covering to the garden to prevent the ball from going over the fence, and the evidence showed that at least upon one previous occasion the ball had been thrown over the fence into the street. On the Sunday when the injury complained of was committed, there were many visitors at the garden, and the defendant was behind the bar, selling liquor to those playing at games and others. Several were playing the game in question, when one of the players, in the prosecution of the game, threw the ball with so much violence, that it went over the fence into the street along which the plaintiff and his wife were passing, and struck the wife upon the head and fractured the skull, of which injury she subsequently died. The plaintiff then offered to prove the expenses to which he had been subjected in attempting to cure his wife of the injury thus inflicted. This the court refused to admit, upon the ground that no connection had been shown between the defendant and the injury complained of, and instructed the jury that as there was no evidence tending to charge the defendant, they should find him not guilty, which they accordingly did. In our opinion there was evidence tending to implicate the defendant. The evidence certainly tended to show that the defendant had established a garden adjoining a public thoroughfare, and invited people to come and there play a dangerous game, the probable result of which was injury to those who were lawfully passing along the street, and that he had carelessly, and in disregard of the public safety omitted to secure his garden by a proper and reasonable inclosure. If such was the case, the injury complained of was but the reasonable and probable consequence of his own negligent and unlawful conduct. He was bound to anticipate and foresee those results which were likely to follow from the acts which he had done. Those acts were, the erection of the garden in the manner in which it was erected, the establishment of the game, the furnishing of the balls, and inviting and permitting people to play. If the game, where it was played, was not dangerous, if injury to others was not the probable consequence of its being there played, then he would not be liable for the injury, because it was not the probable result of his acts, and he was not bound to foresee such a result. But when, under the circumstances, danger was manifest, and injury was likely to ensue, he must be held to have intended such probable results, or at least to have culpably disregarded them. Many games and exercises lawful in themselves, may become unlawful, from the place in which they are practised. Suppose, for instance, a person should erect a shooting gallery, with the tar-

get towards a public thoroughfare, from which it was only separated by a thin partition of not sufficient resistance to prevent the bullets from passing through, and invites people to come and practice there, — would he be allowed to say that he did not shoot the ball that did the injury? That he was behind his bar selling liquor to those whom he· had invited to come there and practice? The injury would be but a probable consequence of his reckless conduct in erecting an insecure place for the practice of a dangerous exercise. If a party sets in motion inanimate matter or brute force, in such a way, that injury to another is the probable result, no one doubts his liability for injuries which ensue, and why should he be less liable when the instruments used are intelligent beings? An infinite variety of illustrations might be put, and will readily occur, to show, that if this defendant set people to playing a game in his garden, without reasonably and properly securing it, to protect those who were lawfully passing in the adjoining highway from danger likely to result from the playing of the game, he is liable for injuries thus produced. That such was the case here we do not affirm, but there was certainly some evidence tending to establish it, and when that is the case, our law secures to the party the right of having it passed upon by the jury. As there was evidence tending to show the defendant's liability, the plaintiff should have been permitted to have completed his case by showing what expenses he had necessarily incurred in medical attendance, and in nursing and taking care of his wife. Beyond this he did not propose to go.

The judgment of the common pleas must be reversed, and the cause remanded.

*Judgment reversed.*