George Fenno, Appellee, v. Matthew Cullen, Appellant.

## Gen. No. 15,492.

1. LANDLORD AND TENANT.—*when former liable for personal injuries.* A landlord is liable for personal injuries sustained by a child of a tenant injured through his negligent failure to keep in repair a railing upon a stairway in his possession and control which railing formed no part of the demised premises and was used in common by the various tenants occupying the apartment building in question.

.2 APPEALS AND ERRORS—*When question not presented for review.* Rulings upon instructions, upon evidence, etc., are not preserved for review in the absence of assignment of error predicated thereon.

3. VERDICTS—*when not excessive.* A verdict of $11,000, reduced by *remittitur* to $9,000, will not be disturbed on review where it appears from the evidence that the plaintiff, a child of seven years at the time of the accident, suffered as a result thereof various severe injuries, including broken bones, and was so permanently injured as to become afflicted with curvature of the spine and a shortened leg.

Action in case for personal injuries. Appeal from the Circuit

Court of Cook county; the Hon. Richard W. Clifford, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1909.   Affirmed.   Opinion filed May 31, 1911.

Shope, Zane, Busby & Weber, for appellant.

Quin O'Brien, for appellee.

Mr. Presiding Justice Smith delivered the opinion of the court.

The plaintiff below, George Fenno, was a seven-year-old boy at the time of the injuries hereinafter described. He lived with his mother, who was a tenant of Matthew Cullen, in a large 48-apartment building in Chicago. The apartments in question consisted of four buildings, two on either side of an east and west court. The north two buildings were connected by a system of stairways and porches. The buildings were five stories high and had a porch at each story, and between these porches on the stairway were small, level landings. The stairways and landings had a wooden hand-railing or guard on the sides. Alongside of these stairways and porches there was the open space or court. The flats were leased to forty-eight or more different tenants and the defendant, Cullen, as landlord and owner of the buildings, retained control and charge of the stairways, landings, porches and all other parts which were used in common by his tenants.

The plaintiff lived on the top floor of the north building, in the rear on the court, and to go to his home used the stairways in question. On February 6, 1904, he was going up the stairway to his home, and at about the second floor of the building stopped to talk to the janitor of the buildings below, and in doing so he leaned against a railing which gave way, and he fell down to the bottom of the court below. By the fall he was rendered unconscious, his kneecap was broken, his femur also was broken, his teeth were knocked out, and as a result of his injuries he was compelled to undergo oper-

Fenno v. Cullen, 162 Ill. App. 283.

ations, and now has a stiff, crooked leg, which is two and a half inches shorter than the other and will become comparatively shorter as he reaches maturity. He has a curvature of the spine and is permanently lamed and deformed. This action was brought to recover for the injuries sustained. The trial below resulted in a verdict of the jury in favor of the plaintiff for $11,000. The plaintiff entered a *remittitur* of $2,000 and judgment was rendered for $9,000.

The judgment is brought here for review by appeal and appellant assigns four errors on the record, as follows: *First,* the court erred in not giving to the jury the peremptory instruction requested by the defendant; *second,* the court erred in overruling defendant's motion for a new trial; *third,* the court erred in overruling defendant's motion in arrest of judgment; *fourth,* the court erred in entering judgment upon the verdict.

On behalf of the plaintiff seven witnesses testified as to the condition of the railing in question. Their evidence tends to show that the stairway was used by all tenants in common and by delivery men of all kinds, and by the public generally, having occasion to go to the different apartments. It shows that the rail or banister that gave way was about three feet long, two inches wide and three or four inches thick and was made of pine; that it was old and rotten at the ends, and would not hold nails and that it had been in that condition for a long time. Before the accident there was only one nail holding the railing at each end, and the evidence for the plaintiff shows that the nails were badly rusted.

On the part of the defendant only one witness was introduced; he was an employee of the agents of the landlord. He stated that his duties as such were to inspect and care for the repairing of the porches, stairways, railings, etc., and that before the accident he had observed that the railing "was breaking right away" in places; and "in other places you would shake the railings and it would be a little loose." He repaired them once but did not know when or what year it was. He did not know whether the rail in question, which gave way, was ever repaired, or if so, when.

The assistant janitor of the buildings testified that he knew this very rail in question to be rotten and defective during the time he worked in that building, before the accident, for a period of about two years.

We are of the opinion that the evidence offered on the trial proves the necessary averments of the declaration, and shows a good cause of action in favor of the plaintiff and against the defendant for negligence in failing to properly maintain the railing.

It is urged that the court erred in refusing to instruct the jury for defendant. We find no assignment of error on which this point can be based. We are of the opinion, however, that the court did not err in refusing to direct the verdict.

It is urged that the evidence shows no agreement by the landlord to repair the railing or banisters upon the stairways or to keep them in repair, and therefore he is not liable for damages sustained because of the alleged failure to do so. We find no assignment of error upon which this proposition can be advanced or urged to the court; but, waiving that, the evidence shows clearly that the stairway and the railing thereto which gave way, were used in common by the tenants and occupants of the apartment building and that they were no part of the premises demised to the different tenants, but were reserved for the general use of the tenants, and were under the control of the landlord, and that the landlord recognized his duty to repair and care for the stairway and railing; and whether he recognized it or not, they were under his exclusive control and management, and he was bound in law to use reasonable diligence to keep them in reasonable repair for the use of his tenants. Payne v. Irvin, 14 Ill. 482; Burke v. Hulett, 216 Ill. 545.

Appellant urges that instruction number 2 given at the request of the plaintiff was erroneous, in that it imposed a higher duty upon the landlord than is required by law. We do not find any assignment of error upon the record which raises any question upon any of the instructions, and the instructions are, therefore, not before us for consideration.

It is next urged in the brief of appellant that the court erred in admitting the testimony of James Langston upon the condition of the banister the day following the accident. This question cannot be raised on this appeal, for the reason that there is no assignment of error on the record calling in question rulings upon evidence.

It is next urged that the verdict is excessive and the error was not cured by the *remittitur* of $2,000. We do not find that this question can properly be raised upon the assignments of error. We have, however, no hesitancy in saying that if the question were properly raised on the record, we should not regard the judgment as excessive, in view of the injuries shown by the record.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*